## Navesink Intl., LLC v Clinton Group, Inc.

2024 NY Slip Op 31171(U)

April 5, 2024

Supreme Court, New York County

Docket Number: Index No. 654722/2018

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. DEBRA A. JAMES                    PART     59

*Justice*

-------------------------------------------------------------------------------X

NAVESINK INTERNATIONAL, LLC,

                         Plaintiff,

                  - v -

THE CLINTON GROUP, INC.,

                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654722/2018 |
| MOTION DATE | 11/02/2022 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)          .

## ORDER

Upon the foregoing documents, it is

ORDERED that motion of the defendant The Clinton Group, Inc,

for summary judgment is granted and the complaint is dismissed

with costs and disbursements to defendant as taxed by the Clerk

upon the submission of an appropriate bill of costs; and it is

further

ORDERED that the Clerk is directed to enter judgment

accordingly.

## DECISION

The plaintiff Navesink International, LLC ("Navesink")

commenced this action seeking payment from the defendant The

Clinton Group, Inc. ("Clinton") for executive recruitment

**654722/2018   NAVESINK INTERNATIONAL, LLC vs. CLINTON GROUP, INC.**          **Page 1 of 4**
**Motion No.  002**

1 of 4

services. Navesink alleges that it introduced a group of prospective employees, Quantitative Machine Learning Investment Management ("QML"), who were hired by Navesink on July 17, 2017. QML included Gontran de Quillacq ("Gontran"), who is also the managing partner of Navesink and the individual responsible for introducing QML to Clinton. Gontran was only employed briefly by Navesink and was terminated in November 2017.

Clinton contends that there was never any mutual agreement between the parties and that there was no understanding that Navesink would be seeking a fee for recruitment services, as demonstrated by Navesink's own documentary evidence and testimony warranting dismissal of Navesink's complaint. This court agrees.

The purported recruitment agreement (the "Contract") is unsigned by Clinton and does not even identify Clinton as the counterparty, instead containing numerous "[Company]" placeholders throughout the document, including the signature block, is clearly a form document. (NYSCEF Doc. No. 70, p 2.) Nonetheless, Navesink argues without any admissible evidence that if a user clicks the hyperlink at the bottom of Goran's email signature that states: "Unless we have a contract in place, you agree to our legal terms"[1], and the user is directed to the Contract, which creates a legally binding contract between the parties. Navesink advances this

---

[1] "legal terms" is the text that is the hyperlink.

**654722/2018   NAVESINK INTERNATIONAL, LLC vs. CLINTON GROUP, INC.**                    **Page 2 of 4**
**Motion No.  002**

2 of 4

[* 2]

argument based on its internet traffic reports that purportedly demonstrates that Clinton clicked the hyperlink on multiple instances, despite Goran's own deposition testimony that the reports are unable to identify who within Clinton may have clicked the hyperlink, or which pages the user actually viewed on Navesink's website based. (NYSCEF 40, 188:16-189:20). As such, the record contains no admissible evidentiary support for Navesink's proposition. In summary, Navesink's does not raise a triable issue of fact as to its failure to establish the existence of an enforceable contract between the parties. Such lack of evidence is fatal to its first cause of action for breach of contract and second cause of action for account stated. <u>Markov v Katt</u>, 176 AD3d 401 (1st Dept 2019).

Additionally, Navesink's email communications demonstrate that Navesink approached Clinton, as a potential investor, not as a recruiter. The email, dated March 30, 2017, plainly states that Gontran "would like to introduce [QML] to [Clinton] for **Investment consideration**". (NYSCEF Document Number 70 (**emphasis added**). The email makes no mention of recruitment services or identifies Gontran as a recruiter. Navesink's remaining third cause of action for quantum meruit and forth cause of action for unjust enrichment

**654722/2018   NAVESINK INTERNATIONAL, LLC vs. CLINTON GROUP, INC.**                **Page 3 of 4**
**Motion No.  002**

3 of 4

are dismissed because Navesink fails offer evidence of its reasonable expectation of compensation for recruitment services. <u>Martin H. Bauman Assocs, Inc v H & M Int'l Transp, Inc</u>, 171 AD2d 479, 484 (1st Dept 1991).

20240405181944DJAMES7C5608FAD3094DA3953D57CD312037B4

| 4/5/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **DEBRA A. JAMES, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654722/2018   NAVESINK INTERNATIONAL, LLC vs. CLINTON GROUP, INC.**
**Motion No.  002**

Page 4 of 4

4 of 4

[* 4]